Tbe opinion of tbe Court was delivered by
WhitNER, J.
Tbe pleadings in tbe present case involve a question as to tbe character of tbe obligation sued on; whether it is to be regarded an indemnity bond or a money bond. Justice is to be done by enforcing tbe performance of tbe contract, according to tbe sense in which tbe parties mutually understood it at tbe time it was made, and this is to be ascertained from tbe terms they have used.
Tbe construction is to be upon tbe entire agreement and not merely upon disjointed or particular parts. The whole context must be considered in endeavoring to collect tbe intention of tbe parties. Every part of tbe instrument shall if possible be made to take effect. Such are tbe familiar principles collected by Cbitty on Contracts, 73-83, and universally recognized.
Tbe obligatory part of this bond as well as tbe condition *464 are congruous and unequivocal, and amount to an express stipulation to pay a definite sum in annual instalments. Being under seal a consideration is implied and tbe contract is complete. Tbe recital in this contract, it is insisted, explains and qualifies tbe stipulation and in fact changes its entire character. This brings us to tbe subject-matter of tbe agreement in affixing a meaning to tbe terms used that our construction may be reasonable and the different parts made consistent if practicable.
Tbe obligee was about to assume tbe care and management of tbe person and estate of a lunatic, with tbe attendant “ risks and responsibilities,” incident to tbe trust imposed and secured by a bond on bis part — an additional inducement “ over and above tbe regular commissions” was held out to tbe obligee to undertake this service. The bond in question by tbe next of Idn and heirs at law of tbe lunatic with an obligation to pay a definite sum for a specific, hazardous, and responsible service was entered into. Tbe compensation provided by the regular commissions was properly deemed inadequate by tbe parties, and those interested in tbe estate and upon whom was cast tbe moral duty of caring for tbe person, “ assumed this obligation” evidently intended to secure a proper compensation to one who at their instance and request, was thus induced to render tbe service.
Tbe indemnity spoken of, it must be remembered, is not incorporated in tbe condition as a thing to be done by tbe obligors upon a future contingency, when it shall be ascertained that loss has accrued. It is found in tbe previous recital and in juxtaposition with the other circumstances that constituted tbe consideration, moving them to an express agreement to pay money. Such a term in tbe recital that the obligors are “ willing to indemnify and save harmless” tbe obligee is too vague and equivocal to over-ride tbe express stipulation in tbe condition. It is controlled by tbe context. When tbe condition of a bond is merely to indemnify, this *465 plea is sufficient, Lut when the condition stipulates to perform any particular act, performance must be specially pleaded. 1 Saund. 116, n. 1.
The motion to overrule the demurrer is dismissed.
O’Neall, Wardlaw, G-lover and Muwro, JJ., concurred.

Motion dismissed.